IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TAMISHA PARKER, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 11-2626-STA-dkv |
| | ◊ | |
| HOMECOMINGS FINANCIAL, LLC, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |
| | ◊ | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL WITH PREJUDICE
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
*ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS* ON APPEAL

On July 25, 2011, Plaintiff Tamisha Parker, a resident of Cordova, Tennessee, filed a *pro se* Complaint to Restrict and Prohibit Foreclosure, Motion to Set Aside Foreclosure & for Damages and Demand for Trial against Homecomings Financial, LLC ("Homecomings"); Mortgage Electronic Registration System, Inc. ("MERS"); and Wilson & Associates, PLLC ("Wilson"), accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On July 25, 2011, the Court granted leave to proceed *in forma pauperis*. (ECF No. 3.) In an order issued on July 6, 2012, the

Court directed the Clerk to issue process and the marshal to serve the named defendants. (ECF No. 5.)[1]

On September 4, 2012, Defendants Wilson and MERS filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 17.) Because Plaintiff did not respond to that motion, the Court issued an order on December 4, 2012, directing Plaintiff to show cause, within fourteen (14) days, why the motion to dismiss filed by Wilson and MERS should not be granted. (ECF No. 26.) Plaintiff was informed that "[a] failure timely to respond to this order will result in the dismissal of Plaintiff's claims against Wilson and MERS with prejudice, pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 2.) Plaintiff did not respond to the show cause order, and the time for a response has expired.

Plaintiff also did not appear for a scheduling conference before United States Magistrate Judge Diane K. Vescovo on November 30, 2012. (*See* ECF No. 25.) Magistrate Judge Vescovo issued a show cause order on November 30, 2012, directing Plaintiff to appear and show cause on December 14, 2012, at 9:00 a.m., why the case should not be dismissed for failure to prosecute. (ECF No. 24.) Plaintiff was cautioned that "[f]ailure to respond to this show cause order will result in dismissal of the action without further notice from the court." (Id. at 1.) The show cause hearing was subsequently

---

[1] That order also dismissed the claims against the "John Doe" defendants. (Id. at 2 n.1.)

reset to January 4, 2013 at 1:30 p.m. (ECF No. 27.) Plaintiff did not appear at that hearing.

Magistrate Judge Vescovo issued a report and recommendation ("R&R") on January 4, 2013, recommending that the case be dismissed with prejudice for failure to prosecute. (ECF No. 31.) Plaintiff did not file written objections to the R&R.[2] Therefore, the Court ADOPTS the R&R and DISMISSES the claims against all parties WITH PREJUDICE. The Court also DISMISSES the claims against Wilson and MERS WITH PREJUDICE due to Plaintiff's failure to respond to the motion to dismiss and the resulting show cause order. The pending motion to dismiss is DENIED as moot. Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

---

[2] A case note on the docket reflects that Plaintiff appeared at 2:00 p.m. on January 4, 2013, after the conclusion of the show cause hearing, and explained that she had locked her keys in her car. Plaintiff was notified that the hearing had concluded and that Defendants had moved for dismissal of the case. Plaintiff stated that she intended to file a written response or explanation, but she failed to do so.

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the litigant must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to dismiss the action for failure to prosecute also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith

and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.[3]

    IT IS SO ORDERED this 12th day of February, 2013.

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

---

[3] If Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.